**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
phaines@haineslawgroup.com
Tuvia Korobkin (SBN 268066)
tkorobkin@haineslawgroup.com
222 N. Sepulveda Blvd., Ste. 1550
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA CAUDLE and KRYSTLE WHITE, as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SPRINT/UNITED MANAGEMENT COMPANY, a Kansas corporation; and DOES 1 through 100,<br><br>Defendants. | Case No.: 3:17-cv-06874-WHA<br><br>**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT:**<br><br>**(1) UNLAWFUL DEDUCTIONS FROM WAGES (LABOR CODE §§ 221-223);**<br><br>**(2) WAGE STATEMENT VIOLATIONS (LABOR CODE § 226);**<br><br>**(3) WAITING TIME PENALTIES (LABOR CODE §§ 201-203);**<br><br>**(4) UNFAIR COMPETITION (BUS. & PROF. CODE § 17200** *et seq.***); and**<br><br>**(5) CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT (LABOR CODE § 2698** *et seq.***).**<br><br>**DEMAND FOR JURY TRIAL**<br>**UNLIMITED CIVIL CASE** |

Plaintiffs Joshua Caudle and Krystle White (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, hereby bring this Second Amended Class and Representative Action Complaint ("Complaint") against Sprint/United Management Company, a Kansas corporation; and DOES 1 to 100, inclusive (collectively "Defendants"), and on information and belief allege as follows:

## JURISDICTION

1.     Plaintiffs, on behalf of themselves and all others similarly situated, hereby bring this Complaint for recovery of unpaid wages and penalties under California Business & Professions Code § 17200 *et. seq.*, Labor Code §§ 201-203, 221, 222, 223, 226, 558, 1198, and 2698 *et seq.*; and Industrial Welfare Commission Wage Order 7 ("Wage Order 7"), in addition to seeking declaratory relief and restitution. This Complaint is brought pursuant to Rule 23 of the Federal Rules of Civil Procedure. This Court has jurisdiction over Defendants' violations under the Class Action Fairness Act, 28 U.S.C. § 1332(d), 1446 and 1453.

## VENUE

2.     Venue is proper under 28 U.S.C. § 1391 because Defendants do business within the Northern District of California.  Defendants are also subject to the personal jurisdiction of this Court pursuant to 28 U.S.C. § 1391(c), because at least some of them operate businesses within the Northern District of California.

## PARTIES

3.     Plaintiffs are individuals over the age of eighteen (18). At all relevant times herein, Plaintiffs were, and currently are, California residents. During the four years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to each cause of action pled herein, Plaintiffs were employed by Defendants.  Plaintiffs were, and are, victims of Defendants' policies and/or practices complained of herein, lost money and/or property, and have been deprived of the rights guaranteed by Labor Code §§ 201-204, 221, 222, 223, 226, 558, 1198, California Business & Professions Code § 17200 *et seq.* ("Unfair Competition Law"), and Wage Order 7, which sets employment standards for the "Mercantile Industry," including "any industry, business, or establishment operated for the purpose of

purchasing, selling, or distributing goods or commodities at wholesale or retail."

4. Plaintiffs are informed and believe, and based thereon allege, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and continue to do) business by selling mobile phone devices and services to retail customers, and employed Plaintiffs and other, similarly-situated employees within Marin County and the state of California and, therefore, were (and are) doing business in Marin County and the State of California.

5. Plaintiffs do not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOES 1 to 100, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiffs will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiffs are informed, and believe, and based thereon allege, that each of said fictitious defendants, whether individual, partners, or corporate, was responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiffs and the Classes (as defined in Paragraph 15) to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

6. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, Defendants were and are the employers of Plaintiffs and all members of the Classes.

7. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

8. At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further,

Plaintiffs allege that all Defendants were joint employers for all purposes of Plaintiffs and all members of the Classes.

**GENERAL FACTUAL ALLEGATIONS**

9. Plaintiff Joshua Caudle was employed by Defendants from approximately October 2014 until approximately July 2017. Plaintiff Caudle first worked at Defendants' Pittsburg, California retail store location as an Assistant Store Manager from approximately October 2014 until September 2015. In approximately September 2015 Plaintiff Caudle was transferred to Defendants' Novato, California retail store location, and in approximately December 2015 Plaintiff Caudle was promoted to Store Manager of the Novato retail store location. In approximately November 2016 Plaintiff Caudle was transferred to Defendants' Pleasant Hill, California retail store location, where he worked as Store Manager until the end of his employment.

10. Plaintiff Krystle White was employed by Defendants from approximately 2013 until approximately May 2017 as a Lead Retail Consultant. Plaintiff White initially worked at Defendants' Pittsburg, California retail store location, and transferred to Defendants' Pleasant Hill, California retail store location in approximately November 2016.

11. As retail employees of Defendants, Plaintiffs' compensation was based partially on commission payments that they earned based on Sprint service plans, cell phones, phone accessories, and other products and services sold to customers. Plaintiffs' commissions were generally calculated on a monthly basis, with their earned commissions generally ascertained, calculated and paid out by the last day of the following month. For example, Plaintiff Caudle was provided a "Compensation Statement" reflecting his earned commissions for August 2016 on September 21, 2016, to pay out on September 30, 2016.

12. From approximately August 2016 through approximately March 2017, Defendants instituted a modification to retail store employees' commissions structure, called the "Sprint Promoter Score Adjustment." A Sprint Promoter Score, or SPS, was calculated for each retail store location based on the results of customer surveys, conducted by a third-party company, that customers were given the option of completing after their interaction with the store.

Defendants further calculated a SPS "target score" for each Sprint retail store location each month. If a Sprint retail store location's SPS score for the month met or exceeded the "target score," then the individual earned commissions for that store's employees were unaffected. However, if a Sprint retail store location's SPS was below the SPS "target" score for that month, then a 10% deduction was taken from the earned individual commissions of <u>all</u> retail employees of that retail store location, regardless of whether an individual employee had anything to do with a negative customer survey result, and regardless of whether the negative survey results had any relation to transactions that resulted in individual commissions earned by any individual employee. Moreover, survey results (on which SPS were based) often had nothing to do with any commission-earning transaction. For example, a customer who came in to a store to complain about his Sprint reception (something a retail store location had no control over) could fill out a negative survey result (which would result in a so-called "detractor score") that would negatively impact that store's SPS for that month, even though that customer's interaction with the store had no connection with any commissionable event at that store. Furthermore, a retail store location's monthly SPS was not always based exclusively on survey results attained in the month for which the SPS was calculated. Specifically, if a particular Sprint retail store location had fewer than 20 survey results in a particular month, that store's survey results were measured using an aggregate of the current and previous month's survey results (i.e., if a store had fewer than 20 survey results in February, the February measurement would be the total of that store's survey results from January and February). As a result, the SPS for one month could reflect surveys that were taken in the prior month, which had nothing to do with any commissionable transactions that were completed in that month. Defendants ended the Sprint Promoter Score Adjustment program in or about April 2017.

13. Deductions to employees' earned commissions made pursuant to the Sprint Promoter Score Adjustment Program constituted unlawful deductions from earned wages under California law, since the 10% across-the-board deduction from employees' individual earned commissions was tied to factors that were unpredictable, out of individual employees' control, and unrelated to any particular sale or transaction that any individual employee conducted or to

any individual employees' efforts. *See Hudgins v. Neiman Marcus Grp., Inc.*, 34 Cal.App.4th 1109, 1123-24 (2007) (holding that conditions placed on earned commissions must relate to the sale that earns the commission, and that "[an employer] cannot avoid a finding that its [commission deduction] policy is unlawful simply by asserting that the deduction is just a step in its calculation of commission income."); *Sciborski v. Pac. Bell Directory*, 205 Cal.App.4th 1152, 1168-69 (2012) ("[A]n employer may not require an employee to agree to a wage deduction…based on conditions that are unrelated to the sale…").

14. As a result of Defendants' unlawful deductions from wages, and Defendants' resultant failure to pay all earned wages, Defendants failed to provide Plaintiffs with accurate itemized wage statements and also failed to pay all wages owed to Plaintiffs upon their separation of employment from Defendants.

## CLASS ACTION ALLEGATIONS

15. **Class Definitions**: Plaintiffs bring this action on behalf of themselves and the following Classes pursuant to § 382 of the Code of Civil Procedure:

   a. The Unlawful Deductions – SPS Class consists of all of Defendants' current and former employees who worked at Defendants' retail store locations in California and whose compensation was based in full or in part on commissions, whose commissions were reduced by a Sprint Promoter Score Adjustment, during the four years immediately preceding the filing of the action through the present.

   b. The Wage Statement Class consists of all members of the Unlawful Deductions – SPS Class who received a wage statement from Defendants at any time during the one year immediately preceding the filing of the action through the present.

   c. The Waiting Time Class consists of Defendants' formerly employed members of the Unlawful Deductions – SPS Class, who separated their employment from Defendants during the three years immediately preceding the filing of the action through the present.

16. **Numerosity/Ascertainability**: The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the Classes

are unknown to Plaintiffs at this time; however, it is estimated that the members of each of the Classes number greater than one hundred (100) individuals. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

17. **Common Questions of Law and Fact Predominate/Well Defined Community of Interest**: There are common questions of law and fact as to Plaintiffs and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

   i. Whether Defendants' Sprint Promoter Score Adjustment deductions from earned commission wages constitute unlawful deductions under California law;

   ii. Whether Defendants provided accurate, itemized wage statements to members of the Wage Statement Class as required under California law; and

   iii. Whether Defendants' policies and/or practices for the timing and amount of payment of final wages to members of the Waiting Time Class at the time of their separation of employment were lawful.

18. **Predominance of Common Questions**: Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as Defendants' policies/practices pertaining to commissions and deductions from commissions. As such, the common questions predominate over individual questions concerning each individual class member's showing as to their eligibility for recovery or as to the amount of their damages.

19. **Typicality**: Plaintiffs' claims are typical of the claims of the Classes because Plaintiffs were employed by Defendants as retail employees in California during the statute(s) of limitations period applicable to each cause of action pled in the Complaint. As alleged herein, Plaintiffs, like the members of the Classes, were deprived of all earned wages, were deprived of accurate, itemized wage statements, and did not receive all final wages owed to them upon their separation of employment from Defendants.

///

20. **Adequacy of Representation**: Plaintiffs are fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiffs' attorneys are ready, willing, and able to fully and adequately represent the members of the Classes and Plaintiffs. Plaintiffs' attorneys have prosecuted and defended numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

21. **Superiority**: The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiffs and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Moreover, requiring each member of the Class(es) to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the Classes are not sufficiently large to warrant vigorous

individual prosecution considering all of the concomitant costs and expenses attending thereto. As such, the Classes identified in Paragraph 15 are maintainable as a Class under Rule 23 of the Federal Rules of Civil Procedure.

## FIRST CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM WAGES

### (AGAINST ALL DEFENDANTS)

22. Plaintiffs re-allege and incorporate by reference all previous paragraphs.

23. As alleged above, Defendants made unlawful Sprint Promoter Score Adjustment Program deductions from Plaintiffs' earned wages. As a result, Defendants failed to pay all wages owed to Plaintiffs and members of the Unlawful Deductions – SPS Class, in violation of Labor Code §§ 221-223, which prohibit, among other things, deductions from earned wages (including commissions) except in certain enumerated circumstances not applicable here.

24. Defendants' failure to pay all earned wages is unlawful and creates an entitlement to recovery by Plaintiffs and the members of the Unlawful Deductions – SPS Class for unpaid wages, interest on said wages, and attorneys' fees pursuant to Labor Code § 218.5 and Code of Civil Procedure § 1021.5.

## SECOND CAUSE OF ACTION

## WAGE STATEMENT VIOLATIONS

### (AGAINST ALL DEFENDANTS)

25. Plaintiffs re-allege and incorporate by reference all previous paragraphs.

26. Plaintiffs are informed and believe, and based thereon allege, that Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish Plaintiffs and the Wage Statement Class with accurate and complete itemized wage statements that included, among other requirements, all wages earned, in violation of Labor Code § 226.

27. Defendants' failure to furnish Plaintiffs and members of the Wage Statement Class with complete and accurate itemized wage statements resulted in actual injury, as said failures led to, among other things, the non-payment of all their earned wages and deprived them of the information necessary to identify the discrepancies in Defendants' reported data.

28. Defendants' failures create an entitlement to recovery by Plaintiffs and members of the Wage Statement Class in a civil action for all damages and/or penalties pursuant to Labor Code § 226, including statutory penalties, reasonable attorneys' fees, and costs of suit according to California Labor Code §§ 226 and 226.3.

## THIRD CAUSE OF ACTION

## WAITING TIME PENALTIES

## (AGAINST ALL DEFENDANTS)

29. Plaintiffs re-allege and incorporate by reference all previous paragraphs.

30. This cause of action is brought pursuant to Labor Code §§ 201-203, which require an employer to pay all wages immediately at the time of separation of employment in the event the employer discharges the employee or the employee provides at least 72 hours of notice of their intent to quit. In the event the employee provides less than 72 hours of notice of their intent to quit, said employee's wages become due and payable not later than 72 hours upon said employee's last date of employment.

31. Plaintiffs are informed and believe, and based thereon alleges, that Defendants failed to timely pay Plaintiffs and members of the Waiting Time Class all final wages due to them at their separation from employment, including earned commission wages.

32. Further, Plaintiffs are informed and believe, and based thereon allege, that as a matter of uniform policy and practice, Defendants continue to fail to pay Plaintiffs and members of the Waiting Time Class all earned wages at the end of employment in a timely manner pursuant to the requirements of Labor Code §§ 201-203.

33. Defendants' failure to pay all final wages was willful within the meaning of Labor Code § 203. Defendants' willful failure to timely pay Plaintiffs and the members of the Waiting Time Class their earned wages upon separation from employment results in a continued payment of wages up to thirty days from the time the wages were due.

34. Therefore, Plaintiffs and members of the Waiting Time Class are entitled to compensation pursuant to Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

///

## FOURTH CAUSE OF ACTION

## UNFAIR COMPETITION

## (AGAINST ALL DEFENDANTS)

35. Plaintiffs re-allege and incorporate by reference all previous paragraphs.

36. Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business & Professions Code § 17200 *et seq.*, by failing to properly pay all earned wages, failing to provide accurate, itemized wage statements, and failing to pay all earned wages at termination of employment.

37. Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiffs and continues to deprive members of the Classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

38. Because Plaintiffs are victims of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiffs for themselves and on behalf of the members of the Classes, seek full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants pursuant to Business & Professions Code §§ 17203 and 17208.

39. The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

40. Plaintiffs were compelled to retain the services of counsel to file this court action to protect their interests and those of the Classes, to obtain restitution and injunctive relief on behalf of Defendants' current non-exempt employees, and to enforce important rights affecting the public interest. Plaintiffs have thereby incurred the financial burden of attorneys' fees and costs, which they are entitled to recover under Code of Civil Procedure § 1021.5.

///

///

///

# FIFTH CAUSE OF ACTION

## PRIVATE ATTORNEYS GENERAL ACT

### (AGAINST ALL DEFENDANTS)

41. Plaintiffs re-allege and incorporate by reference all prior paragraphs as though fully set forth herein.

42. Defendants have committed several Labor Code violations against Plaintiffs, members of the Classes, and other similarly aggrieved employees. Plaintiffs, "aggrieved employees" within the meaning of Labor Code § 2698 *et seq.*, acting on behalf of themselves and other similarly aggrieved employees, bring this representative action against Defendants to recover the civil penalties due to Plaintiffs, the members of the Classes, other similarly aggrieved employees, and the State of California according to proof pursuant to Labor Code § 558 and § 2699 (a) and (f) including, but not limited to: (1) pursuant to Labor Code § 558(a), $50.00 for each initial violation of the Labor Code sections and/or Wage Order provisions referenced in Labor Code § 558(a) and $100.00 for each subsequent violation per employee per pay period, plus an amount sufficient to recover the unpaid wages; and (2) pursuant to Labor Code § 2699(f)(2), $100.00 for each initial violation and $200 for each subsequent violation per employee per pay period for the following Labor Code violations:

    a. Unlawfully deducting earned wages from wages paid to Plaintiffs, the SPS Class, and other similarly aggrieved employees in violation of Labor Code §§ 221, 222, 223 and 1198;

    b. Failing to furnish Plaintiffs, the Wage Statement Class, and other similarly aggrieved employees with complete, accurate, itemized wage statements in violation of Labor Code § 226;

    c. Failing to timely pay all final wages and compensation earned by Plaintiffs, the Waiting Time Class, and other similarly aggrieved employees at the time of separation in violation of Labor Code §§ 201, 202, and 203;

    d. Failing to pay non-exempt employees all earned wages at least twice during each calendar month in violation of Labor Code § 204; and

e. Failing to maintain accurate records on behalf of Plaintiffs and other similarly aggrieved employees in violation of Labor Code §§ 558, 1174, and 1198.

43. On September 29, 2017, Plaintiffs notified Defendants via certified mail, and notified the California Labor and Workforce Development Agency ("LWDA") via its website, of Defendants' violations of the California Labor Code and Plaintiffs' intent to bring a claim for civil penalties under California Labor Code § 2698 *et seq.* with respect to violations of the California Labor Code identified in Paragraph 42(a)-(e) above. Now that sixty-five days have passed from Plaintiffs' notifying Defendants and the LWDA of these violations, and the LWDA has not provided notice that it intends to investigate the violations, Plaintiffs have exhausted their administrative requirements for bringing a claim under the Private Attorneys General Act with respect to these violations.

44. Plaintiffs were compelled to retain the services of counsel to file this court action to protect their interests and the interests of other similarly aggrieved employees, and to assess and collect the civil penalties owed by Defendants. Plaintiffs have thereby incurred attorneys' fees and costs, which they are entitled to recover under California Labor Code § 2699(g).

## **PRAYER**

WHEREFORE, Plaintiffs pray for judgment for themselves and for all others on whose behalf this suit is brought against Defendants, as follows:

1. For an order certifying the proposed Classes;
2. For an order appointing Plaintiffs as representative of the Classes;
3. For an order appointing counsel for Plaintiffs as Counsel for the Classes;
4. Upon the First Cause of Action, for recovery of unpaid wages pursuant to Labor Code §§ 221–223;
5. Upon the Second Cause of Action, for statutory penalties pursuant to Labor Code § 226;
6. Upon the Third Cause of Action, for statutory waiting time penalties pursuant to Labor Code § 203;
7. Upon the Fourth Cause of Action, for restitution to Plaintiffs and members of the

Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

8. Upon the Fifth Cause of Action, for civil penalties due to Plaintiffs, other similarly aggrieved employees, and the State of California according to proof pursuant to Labor Code §§ 558 and 2699(a) and (f) including, but not limited to: (1) $50.00 for each initial violation and $100 for each subsequent violation of Labor Code § 558 per employee per pay period plus an amount sufficient to recover the unpaid wages; and (2) $100.00 for each initial violation and $200 for each subsequent violation per employee per pay period for the violations of the Labor Code Sections cited in Labor Code § 2699.5;

9. Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

10. On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 218.5, 226, 2699(g), and Code of Civil Procedure § 1021.5; and

11. For such other and further relief the Court may deem just and proper.

Dated: October 3, 2018                         Respectfully submitted,
                                               HAINES LAW GROUP, APC

                                        By:    */s/Paul K. Haines*
                                               Paul K. Haines
                                               Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial with respect to all issues triable by jury.

Dated: October 3, 2018                         Respectfully submitted,
                                               HAINES LAW GROUP, APC

                                        By:    */s/Paul K. Haines*
                                               Paul K. Haines
                                               Attorneys for Plaintiffs