IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSHUA CAUDLE and KRYSTLE WHITE, individually and on behalf of all others similarly situated,

    Plaintiffs,

  v.

SPRINT/UNITED MANAGEMENT COMPANY, a Kansas corporation; and DOES 1 through 100,

    Defendants.

No. C 17-06874 WHA

**ORDER ON ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

    In connection with plaintiffs' motion for class certification, plaintiffs filed an administrative motion to file under seal various exhibits containing material designated as "confidential" by defendant Sprint/United Management Company pursuant to the parties' stipulated protective order (Dkt. No. 30).

    In this circuit, courts start with a "strong presumption in favor of access" when deciding whether to seal records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related" to the merits bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). A particularized showing of

"good cause" under FRCP 26(c), however, suffices to warrant sealing of judicial records in connection with a non-dispositive motion. *Id*. at 1179–80.

Our court of appeals has not ruled on whether a motion for class certification is more than tangentially related to the merits for the purposes of determining whether the compelling reasons standard applies. "[M]ost district courts to consider the question," however, "have found that a motion for class certification is more than tangentially related to the underlying cause of action and therefore merits application of the compelling reasons standard. *Philips v. Ford Motor Co.*, No. C 14-02989 LHK, 2016 WL 7374214, at *2 (N.D. Cal. Dec. 20, 2016) (Judge Lucy Koh). Here, it is certainly the case that the issues raised at class certification were intertwined with the merits of the action, and therefore this order applies the compelling reasons standard.

With the foregoing principles in mind, this order finds that Sprint has failed to show a compelling reason for sealing the exhibits related to (1) compensation documents that explain Sprint's incentive compensation structure for its retail salesforce, (2) an email thread summarizing changes to Sprint's retail incentive compensation program, and (3) Sprint's retail satisfaction survey. Sprint cites its desire "to keep its compensation structure documents private and confidential" in order "[t]o maintain its competitive advantage" and the fact that the information "is not generally known to the public or to [Sprint's] competitors" (*see* Dkt. No. 33 ¶¶ 5, 7–8). Such vague notions of competitive harm upon public disclosure, however, are outweighed by the strong public interest in disclosure.

Sprint also seeks to seal the damages spreadsheet, attached as Exhibit F to the Haines Declaration. It explains that the exhibit contains private financial information of employees (*id.* ¶ 6). Moreover, that specific information, to the extent not already revealed elsewhere, proved unnecessary to adjudicate plaintiffs' motion for class certification. Under these circumstances, this order finds compelling reasons to keep the damages spreadsheet under seal. This is without prejudice to whether the same material could be filed under seal at a later proceeding.

Accordingly, the administrative motion is **GRANTED IN PART** and **DENIED IN PART** to the extent stated above. Plaintiffs shall file on the public docket unredacted versions of the documents that comport with this order by **JANUARY 4, 2019 AT NOON**.

**IT IS SO ORDERED.**

Dated: December 18, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3